XIU YING WU, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General,[1] Respondent.

No. 08–3076–ag.

United States Court of Appeals,
Second Circuit.

July 21, 2009.

Xiu Ying Wu, pro se.

Michael F. Hertz, Acting Assistant At-
torney General; Mark C. Walters, Senior
Litigation Counsel; Jeffrey L. Menkin,
Trial Attorney, Office of Immigration Liti-
gation, Civil Division, United States De-
partment of Justice, Washington, D.C., for
Respondent.

Present: DENNIS JACOBS, Chief
Judge, and REENA RAGGI, PETER W.
HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Ying Wu, a citizen of the
People's Republic of China, seeks review
of a May 23, 2008 order of the BIA affirm-
ing the April 11, 2006 decision of Immigra-
tion Judge ("IJ") Robert D. Weisel deny-
ing her application for asylum, withholding

1. Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Attorney General Eric H.

Holder Jr. is automatically substituted for for-
mer Attorney General Michael B. Mukasey.

of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Ying Wu,* No. A98 720 861 (B.I.A. May 23, 2008), *aff'g* No. A98 720 861 (Immig.Ct.N.Y.City, Apr. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). Thus, we "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make

such an adverse credibility ruling." *Xiu Xia Lin,* 534 F.3d at 167.

Construing petitioner's *pro se* brief broadly, *see Weixel v. Board of Educ.,* 287 F.3d 138, 145–46 (2d Cir.2002), we conclude that she has failed to challenge the agency's denial of her CAT claim. We therefore deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

As to Petitioner's asylum and withholding of removal claims, we find that the agency's adverse credibility determination was supported by substantial evidence.[2] Contrary to Petitioner's assertion, the agency's reliance on the U.S. State Department Report for China was appropriate under the REAL ID Act, which permits a factfinder to consider whether testimony is consistent with state department reports. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006).

Moreover, the agency properly relied on several additional discrepancies in making its adverse credibility determination. *See Xiu Xia Lin,* 534 F.3d at 167 (emphasis in original) (under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission ... as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible"). The record supports the agency's findings that: (1) there was an inconsistency regarding the promises Petitioner made upon her release from detention; (2) her asylum application failed to state that she had been struck in the head while in detention as she testified; and (3) it was implausible that Petitioner left China so that she could enjoy religious

---

**2.** The Government argues that the petition for review should be denied because Petitioner only explicitly challenges the IJ's findings. However, because Petitioner appears *pro se* and because she states that "[t]he BIA abused

its discretion in affirming the IJ's decision," we construe her brief to challenge the agency's adverse credibility determination. *See Weixel,* 287 F.3d at 145–46.

freedom, and yet made no real effort to practice her faith in the United States. *See Xiu Xia Lin*, 534 F.3d at 167; *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir.2007) (noting that we will not disturb IJ's finding that applicant's testimony is inherently implausible so long as finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived"). Nor did the agency not err in declining to credit Petitioner's explanations for these discrepancies, omissions, and implausibilities, where no reasonable fact-finder would be compelled to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

The foregoing findings demonstrate that the agency's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin*, 534 F.3d at 167. Accordingly, the agency's denial of Petitioner's application for asylum was not improper. Likewise, the agency properly denied Petitioner's application for withholding of removal because the only evidence that she would be persecuted depended on her credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.